## Myers v. Harris

*Maurice R. Metzger, Metzger, Wickersham & Knauss*, for plaintiffs.

*Robert A. Enders*, for defendant.

NEELY, J., April 25, 1955.—This matter is before us on a case stated. Plaintiffs have received from defendant a down payment on account of the purchase price of lots nos. 57 and 13 on a certain plan known as Skyline View situated in West Hanover Township, Dauphin County. The agreed purchase price was $2,750. There was a down payment of $275, leaving a balance due on the purchase price of $2,475. Final settlement was fixed for the 15th day of January, 1955.

Plaintiffs, through their attorney-in-fact, are ready and willing to deliver to defendant an executed deed for the two lots upon payment of the balance of the purchase price, but defendant refused to accept said deed because he claimed plaintiffs were not able to convey a good and marketable fee simple title. Defendant further requested and demanded that plaintiffs return to defendant the sum of $275.

It is agreed by the parties that if we are of the opinion that title to lots nos. 57 and 13 is vested in plaintiffs and they can convey a good and marketable fee simple title thereto, judgment shall be entered in favor of plaintiffs and against defendant in the sum of $2,475, and if, on the other hand, we are of the opinion that plaintiffs are unable to convey a good and marketable fee simple title to said premises, then judgment shall be entered in favor of defendant in the amount of $275, being the amount advanced by defendant as the down payment.

Pursuant to a partially conceived idea and plan, Noah S. Myers and Barbara H. Myers, his wife, by deed dated May 24, 1951, and recorded in Deed Book "Y", volume 34, p. 224, conveyed to their children, Mary Elizabeth Shelton, Paul E. Myers, Helen Mae Coombs and Robert E. Myers, "Trustees for the Skyline View Memorial Church and Park Association", an unincorporated association, and their successors

and assigns, a certain tract of 80 acres, more or less, in West Hanover Township. Lot no. 57 is part of this 80 acre tract. On June 20, 1951, the said Noah S. Myers and Barbara H. Myers, his wife, executed and delivered an additional deed, recorded in Deed Book "A", volume 35, p. 394, for the same property to the same four grantees for the purpose of correcting an error in the description recorded in the deed of May 24, 1951.

At a later date, to wit, August 8, 1952, the said Noah S. Myers and Barbara H. Myers, his wife, executed and delivered another deed to their four children, recorded in Deed Book "L", volume 36, p. 387, again describing these grantees as "Trustees for the Skyline View Memorial Church and Park Association", conveying 24 lots or parts of lots in West Hanover Township. Lot no. 13 is one of these lots conveyed by the deed of August 8, 1952.*

There was prepared on May 24, 1951, by Noah S. Myers and acknowledged by all parties on January 24, 1952, a written agreement pertaining to the above-mentioned conveyances, which agreement was recorded on January 31, 1952, in Miscellaneous Book "H", volume 7, p. 77. It is recited in this agreement that the 80 acre tract was purchased by the herein mentioned trustees of said association for the purpose of developing 67 acres more or less "into Memorial Church property and Memorial Burial Park Grounds also a Public Park in Woods along New Route #22 in connection with Church property and Memorial Burial Park". As to the other 13 acres, it was provided that the same

---

* The granting clause of each of these conveyances contains the following language:

"Have . . . granted, bargained, sold, aliened, enfeoffed, released, conveyed and confirmed and by these presents do grant, bargain, sell, alien, enfeoff, release, convey and confirm unto the said parties of the second part. . . ."

"can be sold off to other purchasers if said Association herein mentioned may so choose to do so". The agreement of May 21, 1951, sets forth certain restrictions that must be inserted into deeds out of the 13 acre plot.

Helen Mae Coombs, one of the grantees named as trustee in the above-mentioned conveyances, expressed to Noah S. Myers and Barbara H. Myers, his wife, a desire to withdraw as trustee. And she, together with her husband, William J. Coombs, thereupon executed and delivered to the remaining three trustees all her and their right, title and interest in and to the aforesaid 80 acres of land conveyed on May 24, 1951, and also to the 24 lots or parts of lots conveyed on August 8, 1952.

The consideration recited in the deed for the 80 acres of land recorded in Deed Book "Y", volume 34, p. 224, was $20,000, and the consideration recited in the deed for the 24 lots or parts of lots was $7,000. The grantors in both deeds intended that the grantees would pay said consideration as funds accumulated from the sale or development of said lands. No part of the recited consideration in either deed was paid to the grantors at the time of the respective transfers, but since the transfers the sum of $1,500 has been paid on account of the purchase price of the 80 acre tract, there being then a balance of consideration for the two tracts of $25,500 still due and payable.

Mary Elizabeth Shelton, Paul E. Myers and Robert E. Myers executed a power of attorney to their father, Noah S. Myers, and as their attorney the said Noah S. Myers entered into the contract to sell the two lots, 57 and 13, to defendant herein.

The question in this case simply is whether Noah S. Myers as attorney-in-fact could convey a good and marketable fee simple title. If the grantees in these conveyances acquired the premises as trustees, then, of course, the Revised Price Act of June 7, 1917, P. L.

388, as amended, is applicable, 20 PS §1561. Section 2 of this Act, 20 PS §1562 confers jurisdiction on the court of common pleas for the sale of real estate where such real estate is held in trust.

Our question then is whether the grantees acquired title in the conveyances from Noah S. Myers and Barbara H. Myers, his wife, as trustees. If they did acquire title as trustees, plaintiffs would be required to make proper application to the common pleas court under the Revised Price Act to sell these properties. On the other hand, if a trust was not created by the conveyances of May 24, 1951, and August 8, 1952, then plaintiffs would have the right to convey lots 57 and 13. It is our judgment that the conveyances to the four children did not create a trust.

Neither the conveyances nor the agreement require the grantees to erect a church or to provide and maintain a park or to form a cemetery association. The religious affiliation of the church to be erected by any person or persons is not determined, and there is no provision as to when the cemetery association is to be formed. The exact location of neither the church, the park, nor the cemetery association has been at any time determined.

When the aforesaid conveyances were made to the trustees, there were no beneficiaries in existence known as the Skyline View Memorial Church and Park Association, nor was there any cemetery association in existence then. Such organizations have not been formed or established since the conveyances. No meetings of any Skyline View Memorial Church and Park Association or cemetery association have been organized because there are no members of such organizations in existence.

The only indication of a trust in this record is the designation of the grantees in the conveyances as trustees. There are no duties placed on the trustees in the

conveyances. It is not clear what purpose was to be accomplished by the trustees. It is difficult to conceive that a valid trust could have been created under these circumstances.

We believe that the language relied upon to create a trust must impose enforceable duties upon the transferee as distinguished from a mere suggestion or wish that the transferee should use or dispose of the property in a certain way. Furthermore, the beneficiary must be definitely ascertainable. This was the rule clearly stated by our Supreme Court in Provident Trust Company, Exec., etc., et al. v. Lukens Steel Company, 359 Pa. 1, 7 (1948) as follows:

". . . The conduct or language relied upon must impose enforceable duties upon the transferee as distinguished from a mere suggestion or wish that the transferee should use or dispose of the property in a certain manner; and the beneficiary must be definitely ascertainable": Lawrence et al. v. Godfrey, 296 Pa. 474 (1929); Estate of Thomas Smith, 144 Pa. 428 (1891); A. L. I. Restatement of the Law of Trusts §§25 and 112. Unless the writing in the case at bar embodies all these elements, appellants' attempt to impose a trust must necessarily fail.

In A. L. I. Restatement of the Law of Trusts §112, it is stated that: "A trust is not created unless there is a beneficiary who is definitely ascertained at the time of the creation of the trust or definitely ascertainable. . . ." And in §123, A. L. I. Restatement of the Law of Trusts, it is stated: "Where the owner of property transfers it upon an intended trust for indefinite or general purposes, not limited to charitable purposes, or declares himself trustee for such purposes, and there is no definite or definitely ascertainable beneficiary designated, no trust is created, . . ." See also Estate of Thomas Smith, supra, page 436.

To create a trust, three elements must concur: Sufficient words to create the relation, a definite subject, and a certain and ascertained object. The addition of the word "trustee" to the name of a grantee does not presumptively create a trust: Lawrence et al. v. Godfrey, supra. See also Brubaker et al. v. Lauver et al., 322 Pa. 461, 463 (1936), wherein the Supreme Court said that "the declaration of intention to establish one (a trust) must be definite, clear and explicit, and embody all the essential elements". And further, it is stated therein that a prerequisite to a valid trust is the intent to impose enforceable duties upon the trustee, and a declaration of trust is not sufficient unless the beneficiary is definitely ascertainable.

It cannot be said here that the grantors, Noah S. Myers and Barbara H. Myers, his wife, clearly and explicitly manifested an intention to create a trust. No duties were imposed upon the trustees and the beneficiaries were not in existence, nor was there any provision made as to how those beneficiaries should be brought into existence.

We think the words "Trustees for the Skyline View Memorial Church and Park Association" were descriptio personae. 13 Cyc. page 625 states:

"Words designating the representative or official capacity of the grantee may be only descriptio personae and will be construed accordingly, unless it can be inferred to the contrary from the instrument, especially where there is an absence of all proof tending to show the existence of a trust estate and there is none created by the deed."

We think here there is a complete absence of any evidence that the grantees were acting as trustees for any designated beneficiary.

In the case stated, it is clearly set forth that the conveyances to the grantees were made "pursuant to said partially conceived idea or plan" concerning the

establishment of a church, park and cemetery associa-
tion. It seems to us that the stipulation establishes the
fact that the intention to establish a trust on the part
of the grantors was not definite, clear or explicit.

Under all the circumstances, then, we must construe
the conveyances of May 24, 1951, June 20, 1951 and
August 8, 1952 as having been made to the individual
grantees therein named, who therefore had the right
to enter into the contract for the sale of the above men-
tioned lots nos. 57 and 13. The deeds to the four gran-
tees, under the Act of April 1, 1909, P. L. 91, as
amended, 21 PS §2, passed a fee simple title to the
grantees who are able, through their attorney-in-fact,
to convey a good and marketable fee simple title to
defendant to the said lots nos. 57 and 13. In view of
the foregoing, we therefore enter the following

### Order

And now, April 25, 1955, judgment is hereby en-
tered in favor of plaintiffs and against defendant in
the sum of $2,475.